IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT HENRY DAVIS, | * | |
| | * | |
| Petitioner, | * | |
| | * | Criminal No. PJM-00-0424 |
| v. | * | Civil No. PJM-04-3291 |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

**MEMORANDUM OPINION**

Robert Henry Davis has filed a "Motion for Leave of Court to Amend and/or Supplement Pending Motion Under 28 U.S.C. § 2255 Pursuant to Rules 15(a) & 15(c) of the Federal Rules of Civil Procedure." For the reasons set forth below, the Motion is DENIED.

**I.**

On June 28, 2001, Davis, along with co-defendants John Dillard and Cleveland Copeland, was found guilty of: (1) one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. § 846 and (2) one count of possession with intent to distribute five kilograms or more of cocaine base in violation of 21 U.S.C. § 846(a). He was sentenced to life in prison.

On appeal, the Fourth Circuit affirmed Davis' conviction and sentence. On October 6, 2003, the Supreme Court denied his petition for certiorari. Accordingly, he had until October 6, 2004 to apply for a writ of habeas corpus. *See* 28 U.S.C. § 2255 (2000); *United States v. Wilson*, 256 F.3d 217, 222 (4th Cir. 2001).

On October 4, 2004, Davis moved for an extension of time to file for habeas relief. On October 8, 2004, two days after the statutory period of limitations had expired, but before the Court could rule on the Motion for Extension of Time, the Court received his § 2255 Motion to

Vacate. While the Court initially found the Motion to Vacate untimely, it nevertheless elected to treat the Motion for Extension of Time itself as a § 2255 motion and to address on the merits those arguments therein that were: (1) asserted on grounds that were "sufficiently specific" and (2) carried forward in Davis' Motion to Vacate.[1]

Of the fourteen claims asserted in the Motion for Extension of Time, only two were deemed to be both sufficiently stated and fleshed out in the Motion to Vacate. The Court, however, denied both of these on the merits in its Opinion dated September 30, 2005. With respect to the other claims asserted in the Motion to Vacate, of which there were two, the Court declined to address them because they did not "relate back" to any claims asserted in the Motion for Extension of Time. *See* FED. R. CIV. P. 15(c); *Mayle v. Felix*, 545 U.S. 644, 648 (2005) (noting that amendments made after the statute of limitations has run may go forward only if they "relate back" to the original pleading).

In his November 17, 2005 "Request for Application of the Unique Circumstances Doctrine, Relief from the Judgment, and Adjudication on the Merits of All Issues," Davis argued that the Court was in fact obliged to consider the two claims it had declined to consider because, he said, the Motion to Vacate was in fact timely filed. Davis pointed out that the Motion to Vacate had been improperly docketed as filed on the date it was received by the Clerk of the Court rather than on the date it was delivered to prison officials. The Court agreed, finding that Davis had almost certainly delivered the Motion to Vacate to prison officials prior to the October 6, 2004 deadline, thereby rendering the Motion timely under the "mailbox rule" recognized in *Houston v. Lack*, 487 U.S. 266, 270 (1988). The Court thus proceeded to adjudicate the

---

[1] The Court relied largely upon *Green v. United States*, which held that a district court is empowered to treat a motion for extension of time as a substantive motion for relief under § 2255, provided it contains allegations sufficient to support a claim under that section. 260 F.3d 78, 83 (2d Cir. 2001).

previously unaddressed two claims on the merits. In an Opinion dated October 27, 2006, both claims were denied.

At that time, however, the Court still had pending before it Davis' "Motion for Leave of Court to Amend and/or Supplement Pending Motion Under 28 U.S.C. § 2255 Pursuant to Rules 15(a) & 15(c) of the Federal Rules of Civil Procedure" ("Motion for Leave of Court to Amend"), which had been filed on May 31, 2005, before the issuance of any Opinions in this case. That Motion has yet to be decided. Indeed, on December 15, 2006, Davis filed a separate Motion asking the Court to rule on the pending Motion for Leave of Court to Amend.

The Motion for Leave of Court to Amend includes four arguments: (1) that Davis' counsel failed to make meritorious arguments in support of his pre-trial Motion to Suppress, (2) that counsel failed to properly investigate a search and seizure conducted by the DEA, (3) that counsel failed to challenge the introduction of Davis' previous convictions, and (4) that Davis' sentence was unconstitutional. Preliminarily, the Court notes that, while Davis listed all four of these claims in his original Motion for Extension of Time, he provided no factual support for any of them. Moreover, of these claims, he only carried forward one, the fourth, in his Motion to Vacate. This claim was among those the Court rejected on the merits in its Opinion dated September 30, 2005. The Court has never addressed the first three claims on the merits. The Court now rules on whether to grant the Motion for Leave of Court to Amend.[2]

## II.

The law governing the timeliness of § 2255 motions is well settled. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a prisoner must file a habeas claim within one year of the date on which the prisoner's conviction became final. 28 U.S.C. §

---

[2] Accordingly, the separate "Motion for *Ruling* on Motion for Leave of Court to Amend" [Paper No. 517] is GRANTED.

2255 (2000); *Mayle v. Felix*, 545 U.S. 644, 662 (2005). The purpose of the AEDPA is to advance the finality of criminal convictions. *See Mayle*, 545 U.S. at 662. Consequently, habeas claims filed more than one year after the date on which the prisoner's conviction became final are time-barred under the AEDPA. *See United States v. Wilson*, 256 F.3d 217, 222 (4th Cir. 2001).

Post-deadline amendments to § 2255 claims are permitted only under very limited circumstances. Pursuant to FED. R. CIV. P. 15(a), a habeas petitioner may amend a timely filed § 2255 motion without leave of court "at any time before a responsive pleading is served." FED. R. CIV. P. 15(a); *Mayle*, 545 U.S. at 663. However, once a responsive pleading has been served, a petitioner may amend a timely filed § 2255 motion only with leave of court and only where the claim asserted in the amended pleading arose out of the same "conduct, transaction, or occurrence" set forth in the original § 2255 pleading. *See* FED. R. CIV. P. 15(c); *Mayle*, 545 U.S. at 649. The decision to grant a request for leave to amend is left to the discretion of the district court judge. *See Mayle*, 545 U.S. at 663; *Ellzey v. United States*, 324 F.3d 521, 527 (7th Cir. 2003). In considering such a request, the district court should consider the aims of the AEDPA. *See Ellzey*, 324 F.3d at 526 (noting that AEDPA's aim to "expedite resolution of collateral attacks . . . should influence the exercise of discretion" under Rule 15(a), which gives the district judge the right to "disapprove proposed amendments that would unduly prolong or complicate the case"). Undue delay constitutes legitimate grounds for a district court's decision to deny a request for leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.

The Court denies Davis leave to amend on the grounds that the late filing of his Motion constitutes undue delay. His Motion for Leave of Court to Amend was filed on May 31, 2005,

nearly eight months after the Motion to Vacate.[3] Yet Davis can offer no reason why he failed to request leave to amend at an earlier date.[4] Given that Congress intended the AEDPA to bring finality to what had previously been a relatively open-ended period for challenges to criminal convictions, the Court finds that granting Davis leave to amend would be contrary to the purpose of the statute.

## IV.

Accordingly, Davis' "Motion for Leave of Court to Amend and/or Supplement Pending Motion Under 28 U.S.C. § 2255 Pursuant to Rules 15(a) & 15(c) of the Federal Rules of Civil Procedure" is DENIED.

A separate Order will ISSUE.

July 11, 2007

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[3] Davis had until the Government filed its Opposition to his Motion to Vacate on November 16, 2004 to amend his pleading as of right. FED. R. CIV. P. 15(a); *Mayle v. Felix*, 545 U.S. 644, 663 (2005). His Motion for Leave of Court to Amend came more than two months after the Government's Opposition.

[4] Although Davis makes no argument for equitable tolling, the Motion for Leave of Court to Amend would be equally unavailing under that doctrine, as he has not shown that his failure to timely file was the result of extraordinary circumstances. The Fourth Circuit has held that the AEDPA statute of limitations is subject to equitable tolling, *see Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000), but only where the petitioner can demonstrate: (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time, *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Mere attorney error does not amount to extraordinary circumstances for purposes of equitable tolling. *See Rouse*, 339 F.3d at 248-49. In explanation of his failure to address all of his claims in his Motion to Vacate, Davis maintains only that his attorney failed to raise all of the arguments that he had requested. This amounts to mere attorney error and is therefore insufficient to establish extraordinary circumstances required for equitable tolling. *See Harris*, 209 F.3d at 330 (and cases cited therein).